IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Progressive Northern Insurance Company, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Paris T. Gadsen, Craig Pinckney, )<br>Tanesia Sanders, and Taharqa )<br>Generette, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 2:21-cv-3614-BHH<br><br>**<u>ORDER</u>** |

Plaintiff Progressive Northern Insurance Company ("Plaintiff") filed this action seeking a declaratory judgment that the personal automobile insurance policy it issued to Defendant Paris T. Gadsen ("Gadsen") does not provide coverage for any claims arising out of the collision on February 22, 2021. (ECF No. 1.) The Clerk previously entered default against Defendants Craig Pinckney, Tanesia Sanders, and Taharqa Generette, who were passengers in the car at the time of the collision. (ECF No. 29.)

On November 16, 2023, Plaintiff filed a motion for summary judgment and submitted a portion of Defendant Gadsen's deposition in support of the motion. (ECF Nos. 51 and 51-1.) Specifically, during the portion of the deposition submitted by Plaintiff, Gadsen confirms that she consents to the relief Progressive seeks, "which is to say that there is no coverage related to this matter for any claims that may be asserted by anyone." (ECF No. 51-1 at 5.) Because Gadsen is appearing pro se, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising her of the dismissal procedures and the possible consequences if she failed to adequately respond

to Plaintiff's motion.  (ECF No. 53.)  Despite this warning, Plaintiff did not file a response to the motion.

After considering Plaintiff's motion and reviewing the evidence of record in light of the applicable law, the Magistrate Judge issued a report and recommendation ("Report") on February 8, 2024, recommending that the Court grant Plaintiff's motion and declare that the insurance policy at issue does not provide any coverage for the alleged accident on February 21, 2021.  Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate

Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's thorough analysis. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 51) and declares that the policy at issue does not provide any coverage for the alleged accident on February 21, 2021, and this matter is hereby ended.**

    **IT IS SO ORDERED.**

                                          /s/Bruce H. Hendricks
                                          United States District Judge

February 27, 2024
Charleston, South Carolina